IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

v.

**OLEG CHISTYAKOV (03),**

           **Defendant.**

Case No. 23-20010-03-DDC

## MEMORANDUM AND ORDER

Defendant Oleg Chistyakov submitted a document to our court.[1]  It seeks several things he claims he deserves as a condition of his pending extradition to the United States in this case. *See* Doc. 77.  Some of the document is written in a language other than English, but each foreign language page is followed by a page written in English.  The court presumes that the English language pages translate the foreign language pages.

The putative English language translation asks someone—presumably the court—to provide defendant with a variety of things.  They include:  a prosecutor who knows the Russian language (or an interpreter); a guarantee of life insurance; and computerized monitoring for specified health conditions.  *Id.* at 2.  Exercising its case management discretion, the court directed the Clerk to docket the request as a Motion for Miscellaneous Relief.  Also, the court ordered the United States to respond.  Doc. 78.  It did.  Doc. 85.  In summary fashion, the

---

[1]  Mr. Chistyakov filed this motion on his own, pro se.  Litigants "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

government argues the court should apply the fugitive disentitlement doctrine to deny this motion.  *Id.* at 3.

In broad strokes, this doctrine provides that a fugitive from justice possesses no right to seek an adjudication in a criminal case when he refuses to appear before that very court. *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970).  This equitable doctrine reasons that a fugitive demonstrates sufficient "disrespect for the legal process that he has no right to call upon the court to adjudicate his claim."  *Ener v. Martin*, 987 F.3d 1328, 1331–32 (11th Cir. 2021) (quotation cleaned up).  And, the government argues, this defendant qualifies as a fugitive even though another sovereign has taken him into custody and extradition proceedings are pending. *See* Doc. 85 at 3 (citing *United States v. Catino*, 735 F.2d 718, 722 (2d Cir. 1984)).  The government—quoting the Second Circuit in *Catino*—also asserts that defendant here qualifies as a fugitive because he actively resists extradition to the United States.  *Id.*  As *Catino* explains, "[t]he intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities once he learns that charges against him are pending."  *Catino*, 735 F.2d at 722 (first citing *Matter of Assarsson*, 687 F.2d 1157, 1161–62 (8th Cir. 1982); then citing *United States v. Ballesteros-Cordova*, 586 F.2d 1321, 1324 (9th Cir. 1978)).  This is so no matter "whether the defendant leaves the jurisdiction intending to avoid prosecution, or, having learned of charges while legally outside the jurisdiction, 'constructively flees' by deciding not to return." *Id.* (quoting *Jhirad v. Ferrandina*, 536 F.2d 478, 483–84 (2d Cir.), *cert. denied*, 429 U.S. 833 (1976)).

The court agrees with the government on its basic principle.  Our law won't abide Mr. Chistyakov's efforts to ask this court for relief while, simultaneously, he's refusing to appear here.  The court thus denies his Motion for Miscellaneous Relief.  This ruling does not prejudice

defendant's right to reassert his requests should he ever submit to jurisdiction here. For now, however, the court denies his motion (Doc. 77).

**IT IS THEREFORE ORDERED** that defendant Chistyakov's Motion for Miscellaneous Relief (Doc. 77) is denied without prejudice to any future request he may elect to make should he properly appear before our court.

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2024, at Kansas City, Kansas.**

                                                    s/ Daniel D. Crabtree
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**